UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 08-2404(DSD/JJG)

Tadeusz J. Matoga and
Irene Matoga,

    Plaintiffs,

v.     **ORDER**

John Loden Christopher, and
Pat Fruth, Inc., a Minnesota
corporation,

    Defendants.

and

Jon Christopher Lodin, and
Pat Fruth, Inc., a Minnesota
corporation,

    Third Party Plaintiffs,

v.

Marian Cisowski,

    Third-Party Defendant.
-------------------------------------
Marian Cisowski,

    Plaintiff,

v.

John Loden Christopher, and
Pat Fruth, Inc., a Minnesota
corporation,

    Defendants.

    This matter is before the court to determine whether Minnesota or New Mexico law applies to this action. Based on a review of the

file, record and proceedings herein, and for the following reasons, the court applies New Mexico law.

## BACKGROUND

On June 18, 2005, the parties were involved in a motor-vehicle accident on Interstate 40 in New Mexico. A semi-trailer truck driven by defendant Jon Christopher Lodin and owned by defendant Pat Fruth, Inc. collided with a minivan driven by plaintiff Marian Cisowski, in which plaintiffs Tadeusz and Irene Matoga were passengers. The parties each claim that the driver of the other vehicle caused the accident by negligently operating his vehicle.

## DISCUSSION

### I. Minnesota Conflict-of-Laws Analysis

"Federal courts sitting in diversity apply the forum state's conflict of laws rules." Nesladek v. Ford Motor Co., 46 F.3d 734, 736 (8th Cir. 1995) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Under Minnesota law, the first inquiry is whether an actual conflict of laws exists. Nodak Mut. Ins. Co. v. Am. Family Mut. Ins., 604 N.W.2d 91, 93-94 (Minn. 2000). A conflict exists if application of the law of either state would be outcome determinative. Id. at 94. New Mexico courts use pure comparative negligence for recovery. See Tafoya v. Rael, 145 N.M. 4, 193 P.3d 551, 556 (N.M. 2008). Minnesota uses modified

comparative negligence.  See Minn. Stat. § 604.01(1) (recovery barred "if the contributory fault was ... greater than the fault of the person against whom recovery is sought").  The parties do not dispute that there is an outcome determinative conflict between Minnesota and New Mexico law.[1]

**II. Choice-Influencing Factors**

The court considers several factors to determine which law to apply: (1) predictability of result, (2) maintenance of interstate order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests and (5) the better rule of law. Nodak, 604 N.W.2d at 94.

   **A. Predictability of Results and Simplification of the Judicial Task**

As an initial matter, the court finds that the first and third factors do not favor the law of either state.  The first factor, predictability of results, "applies primarily to consensual transactions," and thus the "unplanned nature of automobile accidents lessens the importance of predictability of results in automobile insurance cases."  Nodak, 604 N.W.2d at 94 (internal quotation marks and citation omitted).  The third factor, simplification of the judicial task, is "not given much weight" and

---

[1] The parties also do not dispute that the law of either state could be constitutionally applied, see Jepson v. Gen. Cas. Co., 513 N.W.2d 467, 469-70 (Minn. 1994), and that the conflict is substantive, not procedural, see Nesladek v. Ford Motor Co., 46 F.3d 734, 736 (8th Cir. 1995).

3

not implicated in this case because the court can apply the law of either state without difficulty. See id. at 95.

**B.  Maintenance of the Interstate Order**

The second factor addresses whether application of Minnesota law would manifest disrespect for the law of New Mexico based on a comparison of the relevant interests of each state. Nodak, 604 N.W.2d at 95 (quoting Jepson v. Gen. Cas. Co., 513 N.W.2d 467, 471 (Minn. 1994)). In tort cases, maintenance of interstate order is satisfied "as long as the state whose laws are purportedly in conflict has sufficient contacts with and interest in the facts and issues being litigated." Danielson v. Nat'l Supply Co., 670 N.W.2d 1, 8 (Minn. Ct. App. 2003). "Where a state has little or no contact with a case and nearly all of the significant contacts are with a sister state, the factor suggests that a state should not apply its own law to the dispute." Hughes v. Wal-Mart Stores, Inc., 250 F.3d 618, 620–21 (8th Cir. 2001) (applying Arkansas conflict-of-laws analysis).

Here, the accident that gave rise to this litigation occurred in New Mexico. The subsequent police report and investigation took place in New Mexico. Plaintiffs received medical care in New Mexico. The sole connection of Minnesota to this litigation is the citizenship of defendants Ludin and Pat Fruth, Inc. See id. at 621 (giving little weight to domicile of corporate defendant in analysis). Therefore, New Mexico has greater contacts with the

4

events that gave rise to this litigation than Minnesota, and this factor favors New Mexico law.

**C.  Advancement of the Forum State's Governmental Interest**

The fourth factor assures that Minnesota courts do not apply a rule of law that is inconsistent with the interests and concepts of fairness and equity of Minnesota.  See Nodak, 604 N.W.2d at 95; Danielson, 670 N.W.2d at 8.  Minnesota has a strong interest in fully compensating victims.  Bigelow v. Halloran, 313 N.W.2d 10, 12-13 (Minn. 1981).  New Mexico law, which follows pure comparative negligence, better advances this interest.  Minnesota also has an interest in protecting defendants, as evidenced by the adoption of the Minnesota legislature of a form of comparative negligence that bars recovery by a party found to be more at fault.  See Minn. Stat. § 604.01(1).  Minnesota law better advances this interest.  Where, as here, unless other factors favor the law of the forum, "the state where the accident occurred has the strongest governmental interest; accordingly the law of the state where the accident occurred should be applied."  Nodak, 604 N.W. 2d at 96.  Therefore this factor favors New Mexico law.

**D.  Better Law**

Minnesota courts do not apply the fifth factor unless all other factors are inconclusive.  See Nodak, 604 N.W.2d at 96;

Danielson, 670 N.W.2d at 9.  In this case, the other factors are neutral or weigh in favor of New Mexico law.  Therefore, the court does not consider this factor.

## CONCLUSION

Accordingly, based on a consideration of the choice-influencing factors, the court determines that New Mexico law applies to this case.

Dated:  November 1, 2010

                                               s/David S. Doty\
                                               David S. Doty, Judge\
                                               United States District Court